Henry H. COLEMAN, Plaintiff,

v.

Marvin T. RUNYON,[1] U.S. Postmaster General, Defendant.

Civ. A. No. 91–119–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Aug. 20, 1993.

1. The new Postmaster General, Marvin T. Runyon, is substituted as defendant for the former Postmaster General, Anthony M. Frank, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Henry H. Coleman, pro se.

Frank L. Butler, III, Macon, GA, for defendant.

### ORDER

OWENS, Chief Judge.

Henry H. Coleman ("plaintiff"), a black male, filed this action against the United States Postmaster General, Marvin T. Runyon ("defendant"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), alleging that he was not promoted to the position of postmaster in either Oglethorpe, Geneva, or Morven, Georgia, because of his race and/or his filing of complaints with the EEOC. A nonjury trial was held in this court on December 1, 1992, and on August 5, 1993. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court hereby issues the following order.

### FACTS

Plaintiff submitted applications for the postmaster positions in Oglethorpe, Geneva, and Morven, Georgia, all rural postal routes, in March of 1990. Plaintiff was interviewed for the postmaster positions in Geneva and Morven, but was not selected for either position. Plaintiff was not even selected for an interview for the postmaster position in Oglethorpe. Plaintiff alleges that his nonselection was the result of discrimination based on his race and/or his filing of complaints with the EEOC.

### DISCUSSION

In a Title VII disparate treatment action, the ultimate question is whether the defendant intentionally discriminated against the plaintiff. Plaintiff may establish a prima facie case of intentional discrimination by showing that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered adverse employment action; and (3) the employer promoted one outside the protected class. The parties agree that plaintiff has proved his prima facie case of discrimination. "Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207, 216 (1981).

Because plaintiff has proved his prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for not promoting plaintiff. Defendant claims that plaintiff was not promoted to the postmaster positions in Oglethorpe, Geneva, or Morven because he was not the best-qualified candidate. According to defendant, the other candidates possessed greater supervisory experience and/or had experience with rural delivery. The court finds that defendant has succeeded in carrying its burden of production.

Because defendant has articulated a legitimate, nondiscriminatory reason for not promoting plaintiff, the presumption of discrimination "drops out of the picture." *St. Mary's Honor Center v. Hicks*, —— U.S. ——, ——, 113 S.Ct. 2742, 2748–49, 125 L.Ed.2d 407, 418 (1993). The plaintiff must now show that the reason given by the defendant was not the real reason for the employment decision and that race was. *Id.* —— U.S. at ——, 113 S.Ct. at 2747–48, 125 L.Ed.2d at 416. The plaintiff retains "the ultimate burden of persuading the court that [he] has been the victim of intentional discrimination." *Id.* (quoting *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095).

Plaintiff has failed to convince the court through either the presentation of his case or cross-examination of defendant's witnesses that the reason given by defendant for plaintiff's nonselection was false. With respect to the postmaster position in Oglethorpe, the three members of the promotion review committee all credibly testified that the three applicants they recommended for interview had greater supervisory and rural delivery

experience than plaintiff.[2] The court finds that the three applicants were more qualified than plaintiff.

As for the postmaster positions in Geneva and Morven, David Blackerby credibly testified that Nancy Carr and Teresa Sumner, selected as postmasters in Geneva and Morven, respectively, had greater experience with rural delivery and window service. The court similarly finds that Ms. Carr and Ms. Sumner were more qualified than plaintiff.

Defendant's reason for not selecting plaintiff is legitimate and nondiscriminatory and is supported by the evidence presented in the case. Plaintiff has failed to prove that defendant's reason is pretextual. In addition, plaintiff has offered no evidence of intentional discrimination. Hence, the court holds that plaintiff has failed to satisfy his burden of proving that his race or his filing of complaints with the EEOC were the determining factors in defendant's employment decision. Accordingly, let judgment be entered in favor of defendant.

**SO ORDERED.**

---

**2.** The court also notes that the members of the promotion review committee all credibly testified that they were unaware of plaintiff's race or filing of complaints with the EEOC when they evaluated the applications and made their recommendations. Clearly then, plaintiff's race and EEOC filings could not have been determining factors in defendant's employment decision.